UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY SCHNEIDER,<br>individually and on behalf of all others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>LESTER GLENN BUICK, INC.,<br><br>    Defendants. | CASE NO. 3:21-cv-17665<br><br>DEFENDANT LESTER GLENN BUICK, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT |

Defendant Lester Glenn Buick, Inc. ("Defendant"), for their Answer and Affirmative Defenses to the Class Action Complaint of Plaintiffs Barry Schneider, individually and on behalf of all others similarly situated, state as follows:

## NATURE OF THE ACTION

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and leaves Plaintiffs to their proofs.

2. Admitted.

3. Defendant denies this allegation as pleaded and leaves Plaintiff to their proofs thereupon, both because Defendant used no prerecorded messages to Plaintiff's telephone number and because Plaintiff consented to be contacted via telephone by Defendant regarding automobiles.

4. Defendant denies this allegation as pleaded and leaves Plaintiff to their proofs thereupon.

## JURISDICTION AND VENUE

5. Admitted only to the extent that this court has jurisdiction over actions brought under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").

6. Admitted only to the extent that Defendant conducts business in the District of New Jersey. Denied that Defendant engaged in any unauthorized marketing scheme whatsoever, particularly with regard to Plaintiff, who consented to be contacted via telephone by Defendant regarding automobiles

## PARTIES

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and leaves Plaintiffs to their proofs.

8. Denied as alleged. Admitted only to the extent that Defendant's principal office is located in Toms River, New Jersey and Defendant is authorized to conduct business in the state of New Jersey.

## FACTS

9. Denied. As Plaintiff is aware, no pre-recorded message calls were placed by Defendant to Plaintiff's telephone.

10. Denied. As Plaintiff is aware, no pre-recorded message calls were placed by Defendant to Plaintiff's telephone, Defendant only contacted Plaintiff via live human callers, and Plaintiff consented to be contacted via telephone by Defendant regarding automobiles.

11. Denied. As Plaintiff is aware, no pre-recorded message calls were placed by Defendant to Plaintiff's telephone, Defendant only contacted Plaintiff via live human callers, and Plaintiff consented to be contacted via telephone by Defendant regarding automobiles.

12. Denied. As Plaintiff is aware, no pre-recorded message calls were placed by Defendant to Plaintiff's telephone, Defendant only contacted Plaintiff via live human callers, and Plaintiff consented to be contacted via telephone by Defendant regarding automobiles.

13. Denied. As Plaintiff is aware, no pre-recorded message calls were placed by Defendant to Plaintiff's telephone, Defendant only contacted Plaintiff via live human callers, and Plaintiff consented to be contacted via telephone by Defendant regarding automobiles.

14. Denied. Plaintiff's pure speculation in this paragraph is not based on any facts, and, in fact, contradicts Plaintiff's own experience of being contacted by live humans calling on behalf of Defendant in response to Plaintiff's consent to be so contacted.

15. Denied. As Plaintiff is aware, no pre-recorded message calls were placed by Defendant to Plaintiff's telephone, Defendant only contacted Plaintiff via live human callers, and Plaintiff consented to be contacted via telephone by Defendant regarding automobiles.

## CLASS ALLEGATIONS

### Proposed Class

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and leaves Plaintiffs to their proofs.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and leaves Plaintiffs to their proofs.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and leaves Plaintiffs to their proofs.

19. Denied. As discovery will show, there are no members in the class whatsoever, let alone "several thousands, if not more."

### Numerosity

20. Denied. Defendant has sent no prerecorded messages to any consumers, and has contacted no consumers who did not affirmatively consent to such contact.

21. Denied as pleaded and Plaintiff is left to their proofs thereupon.

**Common Questions of Law and Fact**

22. This paragraph and its subparts (a) through (e) are denied as pleaded and Plaintiff is left to their proofs thereupon.

23. Denied as pleaded and Plaintiff is left to their proofs thereupon.

**Typicality**

24. Denied as pleaded and Plaintiff is left to their proofs thereupon.

**Protecting the Interests of the Class Members**

25. Denied as pleaded. Plaintiff received no prerecorded messages from Defendant and Plaintiff received no contact from Defendant to which he did not consent. Therefore, he is an inadequate class representative who cannot fairly and adequately protect the interests of the speculative class.

**Proceeding Via Class Action is Superior and Advisable**

26. Denied as pleaded and Plaintiff is left to their proofs thereupon.

27. Denied as pleaded and Plaintiff is left to their proofs thereupon.

## COUNT I

**Violations of the TCPA, 47 U.S.C. § 227 and § 64.1200(a)**
**(On Behalf of Plaintiff and No Consent Class)**

28. Defendant repeats the preceding paragraphs as if fully set forth herein.

29. This allegation is a conclusion of law to which no response is required. To the extent a response is deemed required, this allegation is denied.

30. This allegation is a conclusion of law to which no response is required. To the extent a response is deemed required, this allegation is denied.

31. This allegation is a conclusion of law to which no response is required. To the extent a response is deemed required, this allegation is denied.

32. Denied. This allegation is false. Plaintiff is left to their proofs thereupon.

33. Denied. This allegation is false. Plaintiff is left to their proofs thereupon.

34. Denied. This allegation is false. Plaintiff is left to their proofs thereupon.

35. Denied. This allegation is false. Plaintiff is left to their proofs thereupon.

36. Denied. This allegation is false. Plaintiff is left to their proofs thereupon.

## PRAYER FOR RELIEF

As to the Plaintiff's Wherefore Clause, Defendant denies that Plaintiff is entitled to any of the relief alleged therein and in subparagraphs (a) through (g).

WHEREFORE, Defendant requests the entry of judgment in their favor as follows:

A. Dismissing Plaintiff's Complaint with prejudice;

B. Finding Plaintiff's Complaint frivolous and consequently awarding to Defendant interest and costs of suit;

C. Such other relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim for which relief may be granted.

2. Plaintiff's alleged damages are without factual basis, as none of the telephone calls between the parties were prerecorded.

3. Plaintiff's alleged damages are without factual basis, as each and every telephone call between the parties was performed by a human operator.

4. Plaintiff's alleged damages are the result of acts or omissions committed by Plaintiff himself, as Plaintiff consented to any and all telephone calls referenced in Plaintiff's Complaint.

5. Plaintiff is not an adequate class representative as he suffered none of the wrongful or unlawful conduct alleged in the Complaint.

6. Plaintiff's Complaint is frivolous to the extent he is fully aware he received only calls from live human operators, and received only calls to which he consented.

7. Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, and equitable estoppel.

8. Plaintiff is not entitled to attorneys' fees because no applicable law allows such an award.

9. Defendant reserves the right to amend and/or add additional Answers, Defenses, Cross-Claims and/or Counterclaims at a later date in compliance will all applicable Rules.

## JURY DEMAND

Defendant demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Defendant demands that Plaintiff take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Plaintiff to assist in sending the alleged communications.

Respectfully submitted,

**LYDECKER**
*Attorneys for Defendant*
*Lester Glenn Buick, Inc.*

By: /s/ Joseph Ross
Joseph Ross, Esq. (090042014)
One Evertrust Plaza, Suite 701, 4B
Jersey City, NJ 07302
Telephone: 908-963-1636
jr@lydecker.com

Dated: January 10, 2022

## **RULE 11.2 DECLARATION**

JOSEPH ROSS, of full age, declares as follows:

1. I have been a member in good standing of the Bar of the State of New Jersey since 2014, and the bar of this Court since 2018.

2. To the best of my knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any other Court, or of any pending arbitration or administrative proceeding.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 10, 2022.

*/s/ Joseph Ross*
Joseph Ross, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2022, I caused a true and correct copy of the Answer and Affirmative Defenses to the Complaint by Barry Schneider to be served on all counsel of record via the Court's electronic filing and notification system.

                                            **LYDECKER**
                                            *Attorneys for Defendant*
                                            *Lester Glenn Buick, Inc.*

                                        By:     */s/ Joseph Ross*
                                                           Joseph Ross, Esq.

Dated: January 10, 2022